UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES GARCIA, MONTEZ HARRIS, LAVON LAMPKINS, JAMES SCARBOUROUGH, and CHARLES KNIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>TRACY CORNETT, GARY LEWIS, JOSEPH FARLEY, MATTHEW BATEY, KIMBERLY HUGHES, JAQULIN ALGOZINE, and JOHN GALIPEAU,<br><br>Defendants. | CAUSE NO. 3:23-CV-1056-HAB-SLC |

OPINION AND ORDER

James Garcia, a prisoner without a lawyer, filed a complaint. ECF 1. On it he included as plaintiffs the names of four other inmates at the Westville Correctional Facility, but only he signed the complaint. "[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay . . .." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir., 2001) (quotation marks and citations omitted).

Based on the facts of this case, joinder of these five unrepresented prison inmates is not appropriate.

None of the plaintiffs are lawyers and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time. Yet, even here, only Garcia signed the complaint and the motions filed with it. This illustrates some of the confusion that occurs in multi-plaintiff litigation. While this deficiency may not be insurmountable now, there will likely be larger problems as the case proceeds.

Inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). When the plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. Moreover, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'") and *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (Internal security is particularly a matter normally left to the discretion of jail administrators.). If

a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, the other plaintiffs are left ignorant of the activity in the case.

Only Garcia sought leave to proceed in forma pauperis even though they are each individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff.").

Additionally, exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust every one of the claims he is bringing before filing suit. Therefore – even if they have similar claims – the exhaustion question must be individually adjudicated. Doing so in the same lawsuit could result in separate scheduling deadlines or unnecessary delay. Thus, in the totality, it would be fundamentally unfair for this case to proceed with multiple unrepresented, prisoner plaintiffs.

However, pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .."). Here, it is fair to open a separate case for each of these plaintiffs. This resolves the problems discussed above. It allows for the efficient, individual determination of each plaintiff's case. Yet, it does not preclude any plaintiff from cooperating with any other to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is

appropriate at any stage of the proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Federal Rule of Civil Procedure 1.

The complaint was filed with four motions. Garcia's in forma pauperis motion is only relevant to him and will not be transferred into the other plaintiff's cases. *See* ECF 3. The motion requesting a preliminary injunction will be filed in each of the new cases and will be addressed when the court screens the complaint as required by 28 U.S.C. § 1915A. Neither the motion for class certification nor the motion for appointment of counsel will be transferred because they are denied in this order.

As to the request to be appointed counsel, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Here, the court has not yet screened the complaint as required by 28 U.S.C. § 1915A. It is not clear whether it even states a claim for which relief can be granted. Thus, the court cannot evaluate the difficulty of this case. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) ("[T]he case [is] still in its infancy, thereby making it impossible at [this] juncture to make any accurate determination regarding [the plaintiff's] abilities" or the difficulty of the case.).

4

As for the request for class certification, it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

For these reasons, the court:

(1) DISMISSES Montez Harris, Lavon Lampkins, James Scarbourough, and Charles Knight;

(2) DIRECTS the clerk to open a separate case for Montez Harris, Lavon Lampkins, James Scarbourough, and Charles Knight with this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3);

(3) DIRECTS the clerk to directly assign these related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e);

(4) DENIES the motion for counsel (ECF 5); and

(5) DENIES the motion for class certification (ECF 4).

SO ORDERED on December 20, 2023.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5