UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY CORNETT, GARY LEWIS,<br>JOSEPH FARLEY, MATTHEW BATEY,<br>KIMBERLY HUGHES, JAQULIN<br>ALGOZINE, and JOHN GALIPEAU,<br><br>    Defendants. | CAUSE NO. 3:23-CV-1056-HAB-SLC |

OPINION AND ORDER

James Garcia, a prisoner without a lawyer, filed a complaint suing seven Westville Correctional Facility employees in their official capacity. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Garcia is housed in the Westville Control Unit. He alleges he cannot go to the law library and law library staff do not come to his cell or unit. He says he can fill out law library request slips to obtain research materials, forms, typing services, and access to

the law library cubicle in his unit. He says requested materials take time to receive, he does not know what to request, he does not know how to fill out the forms, and the Lexis database is out-of-date. He says he can mail legal materials to the court, but he must give them to correctional officers. He seeks a permanent injunction requiring face-to-face access to a law library clerk at least once a week. He also seeks a preliminary injunction for the same.

Prisoners are entitled to meaningful access to the courts under the Fourteenth Amendment, but there is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). State actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . .. These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . .. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

*Lewis*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or appeal. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations and ellipsis omitted).

The relief Garcia seeks is directly contradictory to the requirements of *Lewis*. The law simply does not entitle him to direct access to a law library clerk. Neither does it

2

require the defendants to provide him with the ability to litigate effectively once in court. This complaint does not state a claim for which relief can be granted, but it is possible he might be able to file an amended complaint which does.

An access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed."). Garcia alleges that there have been occasions when he mailed out legal materials and he does not believe they reached their destination. If he can provide details about each instance where this happened, he might be able to state a claim against an individual who personally obstructed his access to the court and thereby prejudiced a potentially meritorious claim.

If Garcia believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the preliminary injunction motion (ECF 3);

(2) GRANTS James Garcia until **February 26, 2024**, to file an amended complaint; and

(3) CAUTIONS James Garcia if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 23, 2024.

                                              s/Holly A. Brady  
                                              CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT